WE HAVE RECEIVED YOUR LETTER OF SEPTEMBER 28, 1992, INQUIRING ABOUT THE STATUS OF YOUR OPINION REQUEST. AS YOU MAY RECALL, WE HAD A CONVERSATION IN EARLY APRIL (MY RECORDS INDICATE APRIL 1) REGARDING THE FACT THAT THERE WAS PENDING LEGISLATION CONCERNING THE SUBJECT MATTER OF YOUR REQUEST (S.B. 851) WHICH AT THAT TIME PREVENTED US FROM RESPONDING TO YOUR REQUEST. WHILE THAT PARTICULAR LEGISLATION DIED IN COMMITTEE, I HAVE LEARNED SINCE OUR LAST CONVERSATION THAT THE QUESTIONS PRESENTED BY YOUR OPINION REQUEST ARE IMPLICATED IN LITIGATION THAT HAS ACTUALLY BEEN ONGOING FOR SOME TINE.
THE LITIGATION I REFER TO HAS BEEN CONDUCTED IN TWO FORUMS (DORI CUTCH 211 THOMPSON V. HONORABLE JAMES F. LANE AND SHARON CANNON, NO. 78,991 (MAY 12, 1992), IN WHICH THE OKLAHOMA SUPREME COURT REFUSED TO ASSUME ORIGINAL JURISDICTION OF THE MATTER; AND THOMPSON V. COURT OF CRIMINAL APPEALS, NOS. 92-07800 AND 92-AT7800-BR, IN WHICH CLAIMANT'S REQUEST FOR UNEMPLOYMENT BENEFITS WAS DENIED) AND IS NOW BEING PURSUED IN THE FORM OF A TORT CLAIM FILED WITH THE RIS MANAGEMENT DIVISION OF THE DEPARTMENT OF CENTRAL SERVICES ON OCTOBER 2, 1992, AGAINST THE COURT OF CRIMINAL APPEALS.
IT HAS LONG BEEN THE POLICY OF THIS OFFICE THAT WE DO NOT ADDRESS QUESTIONS PRESENTED TO US IN AN OPINION REQUEST THAT ARE INVOLVED O IMPLICATED IN PENDING LITIGATION. WE WILL, THEREFORE, BE UNABLE ANSWER YOUR QUESTIONS REGARDING WHAT CONSTITUTES THE "OATH OF OFFICE" AS THAT TERM IS USED IN 51 O.S. 24.1 (1991) AND WHETHER THE FELONY MUST VIOLATE SUCH OATH OF OFFICE IN ORDER TO TRIGGER THE PENALTIES OF SECTION 51 O.S. 24.1.
(VICTOR N. BIRD)